[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the Flooring Family, LLC moves to strike the third count of the plaintiffs' complaint, arguing that this count is legally insufficient due to the failure of the plaintiffs to allege that the defendant is a product seller. The plaintiffs filed a memorandum in opposition. For reasons more fully set forth below, this court denies the defendant's motion.
The plaintiffs' complaint alleges, in pertinent part that: the defendant the Flooring Family, LLC sold to and installed for the plaintiffs hardwood flooring (Count One Paragraph 5); the plaintiffs paid over $16,000 to the defendant Flooring Family to purchase this material (Count One Paragraph 5); the flooring material was pre-finished (Count One, Paragraph 7); the flooring was defective; the defendant breached the express warranties to deliver flooring free of defects; and the defendant breached its warranty by failing and/or refusing to replace the defective flooring.
The defendant essentially argues that the complaint contains an insufficient designation of it as a product seller. The defendant further argues that it is, in fact, a service provider not a product seller. Because the Connecticut Uniform Commercial Code only governs only product sellers the defendant contends that Count Three is legally insufficient.
Under Connecticut Law, a product seller may beheld liable for defective goods. Connecticut General Statutes Annotated § 42a-2-314 (1). An entity may be deemed a seller of goods, even when it both sells goods and renders services associated with the sale of those goods. In such a case, the governing agreement would be deemed a "hybrid" contract. A "hybrid" contract does not render a seller immune from liability, though. As this court (Zarrilli, J) has held: "the contract for the sale of a product and its installation . . . should be considered as a unified whole and not divided into separate independent parts. . . ." PaintProduct Co. v. AA-1 Steel Equip. Co., 35 Conn. Sup. 52 (1977).
Applying the applicable law, this court need look only at the Complaint to decide this motion. The complaint clearly and plainly alleges that the plaintiffs purchased flooring from the defendant. These allegations, relating to sales and purchase, are incorporated from Count One by reference into Count Three. They are factually specific enough to make a legally sufficient claim for Breach of Warranty. The fact that the defendant is also alleged to have pefformed services related to CT Page 8415 installing the goods does not render the Count insufficient. The contract at issue in this case is a hybrid contract. The sales portion is clearly alleged. If the facts in the complaint are proven the plaintiffs will support their claim for Breach of Warranty.
At this stage, on this motion to strike, construing the allegations in the complaint in a light most favorable to the plaintiffs, this court determines that the count is legally sufficient. Accordingly, the defendant's motion to strike is denied.
 ___________________ Robinson-Thomas, J